HON. MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     v.<br><br>JACOB D. LITTLE,<br><br>        Defendant. | No. CR20-149-RAJ<br><br>MEMORANDUM IN SUPPORT MOTION TO REOPEN DETENTION HEARING<br><br>Noted: October 16, 2020 |

Jacob Little moves to reopen his detention hearing as authorized by 18 U.S.C. § 3142(f).[1] At the original detention hearing, this Court stated that it was inclined to release Mr. Little but, due to the recent allegation that he was involved in a shooting on August 2, 2020, this Court detained him. However, at the detention hearing, this Court stated that Mr. Little could move to reopen the detention hearing if the Government did not come forward with additional evidence that Mr. Little was involved in the shooting.[2]

---

[1] The relevant language from this provision of the Bail Reform Act provides:
> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the such person as required and the safety of any other person of the community.

18 U.S.C. § 3142(f).

[2] The defense has requested a transcript of the detention hearing. Summaries of the detention hearing are from counsel's memory of the proceeding.

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

The government has provided defense counsel with a series of short videos which purport to show Mr. Little at the scene of the shooting holding a firearm.[3] Exhibit 1 (Filed under seal). The government claims that the video evidence is sufficient to identify Mr. Little. The defense disagrees. While the law enforcement comments below the first series of photos suggests an unknown law enforcement officer positively identifies Mr. Little in a video purportedly taken sometime before the shooting, the comments from law enforcement regarding the screenshots of the shooting incident appear to be couched and uncertain regarding the identity, i.e. "the male believed to be Mr. Little…." Therefore, Mr. Little asks that the detention hearing be reopened and that he be released.

## I.      Procedural History.

This offense allegedly took place on May 30, 2020, during the turbulent early stages of protests related to murder of George Floyd. It is alleged that Mr. Little took a duffle bag containing a firearm out of a burned out SPD vehicle. Dkt 1. The Government does not allege that Mr. Little caused the vehicle fire.

After some investigation, officers took Mr. Little into custody without incident on July 20, 2020, searched his home, and eventually released him from custody to his parents. Dkt 1 § 37.

After further investigation, the agents contacted Mr. Little's parents on September 3, 2020, in order to arrest him. However, he was not home at the time. The officers told his parents that they would be back the following day, September 4, 2020, at noon. The next day, Mr. Little was at his parents' home waiting for law enforcement when they arrived to arrest him. Mr. Little's self-surrender is weighs heavily in favor of release on bond.

---

[3] A summary prepared by law enforcement is submitted as Exhibit 1, and, in the interests of caution, filed under seal.

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Mr. Little did not arrive at the court house early enough on that date for a pretrial services interview to take place. He appeared on the new arrest calendar on that date and a detention hearing was set for September 15, 2020. Dkt 6.

At the detention hearing, U.S. Probation and Pretrial Services recommended that Mr. Little be released with conditions. The Government alleged that he looked like the person depicted in a video shooting into a crowd of people where one person was killed and two were injured. This Court asked the Government to put the agent on the stand to testify about the identification of Mr. Little as the shooter. The agent testified that she could not identify Mr. Little as the shooter but that Mr. Little and the shooter were both larger white men with similar builds, and that the shooter wore his pants in a baggy manner in a similar way as Mr. Little. The agent was also able to say that a social media friend of Mr. Little was also at the shooting.

**II.      Unless the Government can present more definitive evidence that Mr. Little was involved in the alleged shooting incident, this Court should release him under the conditions recommended by Pretrial Services.**

Since the last detention hearing, the Government has provided the defense with Exhibit 1 (sealed) and the underlying videos from which the screenshots in Exhibit 1 are taken. The videos are oftentimes blurry and have poor lighting. As noted in Exhibit 1, law enforcement appears to identify Mr. Little in one video. The defense believes that the videos and screenshots are too blurry to identify Mr. Little at all.

**III.     The factors outlined in 18 U.S.C. 3142(g) support release with conditions.**

The Bail Reform Act (BRA) provides for release of a person upon a "any condition or combination of conditions" if those conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The statute thus presumes release absent a judicial finding that no conditions exist that will reasonably assure the twin goals it describes. It

MEMORANDUM IN SUPPORT OF RELEASE
(*United States v. Little*, CR20-149-RAJ) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

does not require certain or near-certain assurance of appearance and community safety—just that the conditions will provide reasonable assurance. In this way, the statute balances the judicial process, community safety, and the presumption of innocence by avoiding unnecessary detention of people presumed innocent.

The offense charged in this case creates a rebuttable presumption of detention. 18 U.S.C. §§ 3142(f)(1)(E), 3142(f)(1)(C). The burden of production imposed upon the defense is "small;" he need only present some credible evidence against the presumption of detention. *See United States v. Chen*, 820 F.Supp 1205, 1207-08 (N.D.Cal. 1992); *United States v. Clark*, 791 F.Supp 259, 260 (E.D.Wash. 1992). Any "evidence of economic and social stability" can rebut the presumption. *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986). Even where a defendant bears a burden of production to rebut the presumption, the Government bears the ultimate burden of persuasion. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). In this case, Mr. Little presented sufficient evidence to meet his initial burden of production through the Pretrial Services Report and support letters submitted on his behalf.

In this District, judges have released other defendants charged with protest related offenses, some involving far more dangerous behavior. *See U.S. v. Horner*, MJ20-553-MAT, (Unlawful Possession of Destructive Device: a Molotov cocktail was seized after defendant was seen breaking windows during protests); *U.S. v. Parker*, MJ20-324-MLP (Unlawful Firearm Possession, defendant threw a bottle at police and was in possession of an improvised short-barrelled shotgun. Defendant was released to live with parents in South Carolina); *U.S. v. Channon*, MJ20-336-BAT (Multiple counts of Arson, defendant set multiple SPD vehicles on fire during course of protests). Courts have seen fit to release people facing similar charges stemming from incidents involving more aggravated attacks (such as cases involving use of Molotov cocktails.)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

While each detention assessment is individualized, these cases reflect the reality that cases arising out of the protests do not present unmitigable risk of flight or danger.

Mr. Little is 24 years old with no criminal history. If the allegations contained in the complaint are accurate, it shows a young man who got caught up in the moment and made a stupid decision that does not reflect the caring, hard-working, and loyal son that he is. At the original detention hearing, Mr. Little presented multiple support letters from his friends and family. Dkt 14, Ex. 1. These letters show that, at his core, Mr. Little is a kind, generous, and hard-working young man. He does not pose a danger to the community, especially if supervised by U.S. Probation and Pretrial Services. He is also not a flight risk, having lived in the Everett area his entire life with strong family and community support.

If released, Mr. Little would live with his parents, with whom he has lived for virtually all of his young life. While Pretrial Services does not recommend location monitoring, Mr. Little would comply with monitoring if it is imposed. His parents are willing to assist with supervision in any way possible. If the Court deems location monitoring appropriate, the defense requests stand-alone monitoring or, at most, curfew monitoring. The defense anticipates that Pretrial Services will recommend that, if released, Mr. Little obtain a chemical dependency assessment and comply with recommended treatment. He has no objection to such a condition.

This is the first time that Mr. Little has been held in custody. He understands that any bond violations could cause him to be returned to confinement. He will take all conditions seriously.

Mr. Little was born in Seattle and he has spent his entire life in the Seattle/Everett area. He has primarily lived with his parents, although he has, at times, lived with friends for short periods of time.

MEMORANDUM IN SUPPORT OF RELEASE
(*United States v. Little*, CR20-149-RAJ) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

In 2015, his father had a serious accident which required months of rehabilitation. His mother stopped working to care for her husband. Mr. Little started working two jobs to help support them and stayed home with them rather than moving out. Three years ago, his parents lost their home in a fire, and, again, Mr. Little supported his parents. *See* Dkt 14, Ex. 1 (Shelley Little letter). He has a younger sister with whom he is very close and who has submitted a letter to the Court. Dkt 14, Ex. 1 (Tiffany Little letter).

While the initial investigation caused some friction with his parents, they are firmly behind their son and willing to assist in his supervision. The remarkable support letters from his family and friends demonstrate that his friends and family will rally around Mr. Little to support him in a positive and pro-social way.

Mr. Little also has a strong employment history. Even if he cannot return to the job he held at the time of his arrest, he has demonstrated a strong work-ethic and the ability to quickly find employment.

Mr. Little has no prior criminal history. His only prior arrest, in 2016, involved a disorderly conduct charge that was ultimately dismissed.

## IV.    Conclusion

The evidence tying Mr. Little to the shooting incident is too weak to be relied upon by this Court for the detention hearing. Mr. Little is 24 years old with no prior convictions and very little prior contact with law enforcement. He has a strong network of social support and an excellent work history. Under the Bail Reform Act, he should be released because he is neither a flight risk nor a danger to the community. His parents rely on him for financial support. The Bail Reform Act presume release on bond, reserving detention for only rare cases. A faithful application of these standards warrants release.

MEMORANDUM IN SUPPORT OF RELEASE
(*United States v. Little*, CR20-149-RAJ) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Release is also warranted in light of the COVID-19 outbreak at the FDC Seatac. As the Court knows, inmates cannot maintain social distancing at the FDC Seatac. The fewer inmates at the FDC Seatac, the easier it is for the institution to limit the spread of COVID-19 among inmates.

DATED this 5th day of October, 2020.

Respectfully submitted,

s/ *Dennis Carroll*
Assistant Federal Public Defender
Attorney for Jacob Little

MEMORANDUM IN SUPPORT OF RELEASE
(*United States v. Little*, CR20-149-RAJ) - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**