The Honorable Richard A. Jones

_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

SEP 16 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JACOB T. LITTLE,

Defendant.

NO. CR20-149-RAJ

**PLEA AGREEMENT**

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Catherine L. Crisham, Assistant United States Attorney for said District, Defendant Jacob T. Little and Defendant's attorney, Dennis Carroll, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.      **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment: Possession of a Stolen Firearm, as charged in Count One, in violation of Title 18, United States Code, Section 922(j).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering any guilty .

1  plea, Defendant will be placed under oath.  Any statement given by Defendant under oath

2  may be used by the United States in a prosecution for perjury or false statement.

3      2.      **Elements of the Offense**.  The elements of the offense of Possession of a

4  Stolen Firearm, as charged in Count One, are as follows:

5          <u>First</u>, Defendant knowingly possessed, received, concealed, stored,

6  bartered, sold, disposed of, or pledged or accepted as security for a loan, a stolen firearm;

7          <u>Second</u>, the stolen firearm had been shipped or transported in interstate or

8  foreign commerce; and

9          <u>Third</u>, Defendant knew or had reasonable cause to believe that the firearm

10  had been stolen.

11      3.      **The Penalties**.  Defendant understands that the statutory penalties

12  applicable to the offense of Possession of a Stolen Firearm, as charged in Count One, are

13  as follows: a maximum term of imprisonment of up to ten years; a fine of up to $250,000;

14  a period of supervision following release from prison of up to three years, and a

15  mandatory special assessment of $100 dollars.   Defendant understands that supervised

16  release is a period of time following imprisonment during which Defendant will be

17  subject to certain restrictive conditions and requirements.  Defendant further understands

18  that, if supervised release is imposed and Defendant violates one or more of the

19  conditions or requirements, Defendant could be returned to prison for all or part of the

20  term of supervised release that was originally imposed.  This could result in Defendant

21  serving a total term of imprisonment greater than the statutory maximum stated above.

22          Defendant understands that as a part of any sentence, in addition to any term of

23  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

24  restitution to any victim of the offense, as required by law.

25          Defendant further understands that the consequences of pleading guilty may

26  include the forfeiture of certain property, either as a part of the sentence imposed by the

27  Court, or as a result of civil judicial or administrative process.

28          Defendant agrees that any monetary penalty the Court imposes, including the

special assessment, fine, costs, or restitution, is due and payable immediately and further

Plea Agreement - 2
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  agrees to submit a completed Financial Statement of Debtor form as requested by the
2  United States Attorney's Office.
3         Defendant understands that, if pleading guilty to a felony drug offense, Defendant
4  will become ineligible for certain food stamp and Social Security benefits as directed by
5  Title 21, United States Code, Section 862a.
6         4.      **Immigration Consequences**.   Defendant recognizes that pleading guilty
7  may have consequences with respect to Defendant's immigration status if Defendant is
8  not a citizen of the United States.  Under federal law, a broad range of crimes are grounds
9  for removal, and some offenses make removal from the United States presumptively
10 mandatory.  Removal and other immigration consequences are the subject of a separate
11 proceeding, and Defendant understands that no one, including Defendant's attorney and
12 the Court, can predict with certainty the effect of a guilty plea on immigration status.
13 Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
14 immigration consequences that Defendant's guilty plea(s) may entail, even if the
15 consequence is Defendant's mandatory removal from the United States.
16        5.      **Rights Waived by Pleading Guilty.**  Defendant understands that by
17 pleading guilty, Defendant knowingly and voluntarily waives the following rights:
18             a.      The right to plead not guilty and to persist in a plea of not guilty;
19             b.      The right to a speedy and public trial before a jury of Defendant's
20 peers;
21             c.      The right to the effective assistance of counsel at trial, including, if
22 Defendant could not afford an attorney, the right to have the Court appoint one for
23 Defendant;
24             d.      The right to be presumed innocent until guilt has been established
25 beyond a reasonable doubt at trial;
26             e.      The right to confront and cross-examine witnesses against Defendant
27 at trial;
28             f.      The right to compel or subpoena witnesses to appear on Defendant's
behalf at trial;

Plea Agreement - 3
*U.S. v. Jacob T. Little*, CR20-149-RAJ

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

6.     **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

Plea Agreement - 4
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense(s):

a. On May 30, 2020, Seattle Police Department (SPD) officers were deployed to work demonstration management/crowd control in the area of 6th Avenue and Pine Street in Seattle, Washington, where large groups were gathering to protest the death of George Floyd. Upon arrival in the area, three SPD officers parked SPD vehicle #33411, a blue Ford SUV, in the 1600 block of 6th Avenue on the west side of the street in front of the Nordstrom store.

b. At approximately, 3:30 p.m., civil unrest began to occur in a concentrated area—namely, from Fourth Avenue to Sixth Avenue and from Olive Way to Pike Street. This included the destruction of five SPD vehicles that were parked in the 1600 block of Sixth Avenue and one additional SPD vehicle that was parked in the 500 block of Pine Street. These SPD vehicles, which included vehicle #33411, were heavily damaged by protesters. This destruction included breaking off the windshield wipers and side view mirrors; breaking out the vehicle windows with rocks and poles; and removing various equipment, to include video recording equipment, ballistic helmets, uniforms emergency medical equipment, fire extinguishers and a total of five firearms.

c. Surveillance photographs and videos taken that day show the Defendant reaching into vehicle #33411 and removing a rifle bag from the broken rear window. This rifle bag contained a SPD-issued rifle, which is a loaded Colt M4 rifle with a suppressor, bearing serial number LE296517 (hereinafter "the Colt rifle and suppressor"). Surveillance photographs show the Defendant walking away from the SPD vehicle carrying the large, rectangular shaped rifle bag that contained the Colt rifle and suppressor. SPD has confirmed that the rifle bag contained a Colt rifle and suppressor; a red dot sight and flashlight mounted on the rifle; and a rifle sling. The sales price for the Colt rifle and suppressor, as well as the rifle bag and its contents, was $3,732.52, plus sales tax of nine percent, resulting in a total purchase price of $4,068.45.

d. The Defendant subsequently posted a video to his Snapchat account that showed him smashing the front window of a police vehicle using a SPD-issued laptop computer at what appeared to be the 1600 block of Sixth Avenue in Seattle. The amount of loss resulting from this property destruction totaled $4,529.50. The video also included a photo of the Defendant posing in front of an SPD vehicle that had been spray-painted with red paint at what appeared to be the 500 block of Pine Street.

e. Law enforcement subsequently obtained a warrant to search the Defendant's cell phone. A review of the cell phone recovered several messages in which

Plea Agreement - 5
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Defendant discussed having attended the protests and riots. In another series of electronic messages dated May 31, 2020, the Defendant attempted to negotiate the sale of the stolen SPD rifle and suppressor. In one message, the Defendant wrote: "I took off the red dot and the flashlight and the sling so I'll let it go for 9. Suppressor still on it."

f. The Defendant acknowledges that he knowingly removed the Colt rifle and suppressor from the SPD vehicle and that he knowingly possessed, concealed and stored the Colt stolen firearm and suppressor. He further acknowledges that he attempted to sell and dispose of the Colt firearm and suppressor.

g. The stolen Colt rifle and suppressor were not manufactured in the state of Washington and thus were transported in interstate or foreign commerce.

h. The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 12, pursuant to USSG Section 2K2.1;

b. A four-level enhancement, pursuant to USSG Section 2K2.1(b)(5), because the Defendant engaged in the trafficking of firearms;

c. A four-level enhancement, pursuant to USSG Section 2K2.1(b)(6)(B), because possessed the firearm in connection with another felony offense, to wit, Malicious Mischief in the First Degree, in violation of RCW 9A.48.070.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or

Plea Agreement - 6
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.   **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend a sentence of 16 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.   Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12.   **Restitution.** Defendant shall make restitution to the Seattle Police Department in the amount of $4,446.12

a.   The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b.   Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest

Plea Agreement - 7
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   and with the United States' lawful efforts to enforce prompt payment of the financial

2   obligations to be imposed in connection with this prosecution.  Defendant's cooperation

3   obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

4   Agreement, truthfully and completely executing a Financial Disclosure Statement

5   provided by the United States Attorney's Office and signed under penalty of perjury

6   regarding Defendant's and Defendant's spouse's financial circumstances and producing

7   supporting documentation, including  tax returns, as requested; (2) providing updates

8   with any material changes in circumstances, as described in 18 U.S.C. §  3664(k), within

9   seven days of the event giving rise to the changed circumstances; (3) authorizing the

10   United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

11   providing waivers, consents or releases requested by the U.S. Attorney's Office to access

12   records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

13   inspect and copy all financial documents and information held by the U.S. Probation

14   Office; (6) submitting to an interview regarding Defendant's Financial Statement and

15   supporting documents before sentencing (if requested by the United States Attorney's

16   Office), and fully and truthfully answering questions during such interview; and (7)

17   notifying the United States Attorney's Office before transferring any interest in property

18   owned directly or indirectly by Defendant, including any interest held or owned in any

19   other name, including all forms of business entities and trusts.

20           c.     The parties acknowledge that voluntary payment of restitution prior

21   to the adjudication of guilt is a factor the Court considers in determining whether

22   Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

23       13.   **Abandonment of Contraband**.  Defendant agrees that, if any federal law

24   enforcement agency seized any illegal contraband that was in Defendant's direct or

25   indirect control, Defendant consents to the administrative or judicial disposition, official

26   use, and/or destruction of that contraband by the United States.

27       The Defendant also agrees to abandon any interest he may have in any firearms,

28   firearms accessories (e.g., magazines, cases, bags, scopes, slings, sights, etc.), or

    ammunition that were seized.  He consents to the administrative or judicial disposition,

Plea Agreement - 8
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  official use, and/or destruction of all such firearms, firearms accessories, and ammunition

2  by the United States.

3        14.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

4  the United States Attorney's Office for the Western District of Washington agrees not to

5  prosecute Defendant for any additional offenses known to it as of the time of this Plea

6  Agreement based upon evidence in its possession at this time, and that arise out of the

7  conduct giving rise to this investigation, In this regard, Defendant recognizes the United

8  States has agreed not to prosecute all of the criminal charges the evidence establishes

9  were committed by Defendant solely because of the promises made by Defendant in this

10  Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

11  Presentence Report, the United States Attorney's Office will provide the United States

12  Probation Office with evidence of all conduct committed by Defendant.

13        Defendant agrees that any charges to be dismissed before or at the time of

14  sentencing were substantially justified in light of the evidence available to the United

15  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

16  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

17  (1997).

18        15.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

19  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

20  Agreement and Defendant may be prosecuted for all offenses for which the United States

21  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

22  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

23  Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

24  Defendant has waived any objection to the re-institution of any charges that previously

25  were dismissed or any additional charges that had not been prosecuted.

26        Defendant further understands that if, after the date of this Agreement, Defendant

27  should engage in illegal conduct, or conduct that violates any conditions of release or the

28  conditions of confinement (examples of which include, but are not limited to, obstruction

of justice, failure to appear for a court proceeding, criminal conduct while pending

Plea Agreement - 9
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

2  Probation Officer, or Court), the United States is free under this Plea Agreement to file

3  additional charges against Defendant or to seek a sentence that takes such conduct into

4  consideration by requesting the Court to apply additional adjustments or enhancements in

5  its Sentencing Guidelines calculations in order to increase the applicable advisory

6  Guidelines range, and/or by seeking an upward departure or variance from the calculated

7  advisory Guidelines range.  Under these circumstances, the United States is free to seek

8  such adjustments, enhancements, departures, and/or variances even if otherwise

9  precluded by the terms of the Plea Agreement.

10     16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

11  Defendant acknowledges that, by entering the guilty plea(s) required by this plea

12  agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

13  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

14  judgment of conviction.  Defendant further agrees that, provided the Court imposes a

15  custodial sentence that is within or below the Sentencing Guidelines range (or the

16  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

17  Court at the time of sentencing, Defendant waives to the full extent of the law:

18         a.    Any right conferred by Title 18, United States Code, Section 3742,

19  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

20  restitution order, probation or supervised release conditions, or forfeiture order (if

21  applicable); and

22         b.    Any right to bring a collateral attack against the conviction and

23  sentence, including any restitution order imposed, except as it may relate to the

24  effectiveness of legal representation; and

25         This waiver does not preclude Defendant from bringing an appropriate motion

26  pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

27  the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

28         If Defendant breaches this Plea Agreement at any time by appealing or collaterally

attacking (except as to effectiveness of legal representation) the conviction or sentence in

Plea Agreement - 10
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  any way, the United States may prosecute Defendant for any counts, including those with

2  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

3  Agreement.

4        17.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

5  this Plea Agreement freely and voluntarily, and that no threats or promises were made to

6  induce Defendant to enter a plea of guilty other than the promises contained in this Plea

7  Agreement or set forth on the record at the change of plea hearing in this matter.

8        18.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted

9  by the Court for any reason, or Defendant breaches any of the terms of this Plea

10  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

11  the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

12  Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

13  of the Plea Agreement by Defendant is discovered by the United States Attorney's

14  Office.

15  //

16  //

17  //

18

19

20

21

22

23

24

25

26

27

28

Plea Agreement - 11
*U.S. v. Jacob T. Little*, CR20-149-RAJ

19.     **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 16th day of September, 2022.


_____
JACOB T. LITTLE
Defendant


_____
DENNIS CARROLL
Attorney for Defendant


_____
TODD L. GREENBERG
Assistant United States Attorney


_____
CATHERINE L. CRISHAM
Assistant United States Attorney

Plea Agreement - 12
*U.S. v. Jacob T. Little*, CR20-149-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970